Mr. Justice Wylie
delivered the opinion of the court:
This suit was brought to enforce a mechanic’s lien claimed by the complainants, under the act of February 2, 1859, (11 Stat. at L., p. 376.)
The controversy turns upon the question whether, according to the provisions of our law, the contractor who files his notice of intention to claim a lien within three months after the completion of the work, obtains thereby, through the principle of relation, a lien from the time when he commenced the building, as against an intermediate purchaser. The determination of this question depends entirely upon the language of our own statute, which is unlike that of any of the States.
By the first section of our act it is provided that the contractor “ shall, upon filing the notice prescribed in section second of this act, have a lien,” &c. The lien is not to take effect except upon filing the notice; that is, as we understand it, the lien is to commence and take effect only from and after the filing of such notice.
By section second it is declared, “that any person wishing-to avail himself of this act, whether his claim be due or not,, shall file in the office of the clerk of the circuit court for the District of Columbia, at any time after the commencement of the said building, and within three months after the completion of such building or repairs, a notice of his intention to hold a lien upon the property declared by this act liable to-such lien, for the amount due or to become due to him, specifically setting forth the amount claimed. Upon his failure-to do so the lien shall be lost.”
And by the seventh section it is provided, “that the liens created in pursuance of the provisions of this act shall have-precedence over all other liens or incumbrances which have attached upon the premises subsequent to the time at which said notice was given.”
It seems clear, therefore, that under our law the contractor may file his notice of intention to claim a lieu at any time after the commencement, and within three months after the *465 completion, of the work under his control; but that his lien begins only from the time of filing his notice.
The fact that he is openly doing the work is not notice to any one; for it is not made so by the statute.
This view of the law disposes of the present case; and the decree at the special term, dismissing the bill, is affirmed.